DERRICK *v.* SAMS *et al.*

1. Where D. sold and conveyed land to H., taking his note for the purchase-money, and, after judgment had been rendered in favor of D. upon such note, H. sold and conveyed the land to S., and subsequently to this, in settlement of the judgment, H. and S. gave to D. their joint note and a mortgage to secure the same on the land, relatively to S. the consideration of the joint note was not the purchase-money due to D. for the land ; and where upon the death of S. the land was set apart as a year's support for the benefit of his family, it was not subject to an execution issued upon the foreclosure of the mortgage.
2. An exception to the effect that the court erred in ruling that the plaintiff could not attack a designated deed as fraudulent will not be considered, when it is not alleged what specific fraud was sought to be proved.
3. Alleged error in refusing to permit a witness to answer a specified question can not be considered when it does not appear what the answer to such question would have been.
4. The other evidence which it is alleged the court erred in rejecting was immaterial.
5. There was no error in directing a verdict finding the property not subject.

Argued October 9, — Decided November 6, 1901.

Levy and claim. Before Judge Estes. Rabun superior court. February term, 1901.

*R. E. A. Hamby* and *W. S. Paris,* for plaintiff.
*Robert McMillan* and *H. H. Dean,* contra.

FISH, J.   J. E. Derrick sold and conveyed certain land to J. L. Henson on January 15, 1891, and took his notes for the purchase-money.   The deed was recorded two days subsequently. After Derrick had obtained judgments on all the purchase-money notes except one on which suit was pending, Henson, on December

29, 1892, sold and conveyed the land to A. B. Sams, Sr. On January 24, 1893, Derrick, in settlement both of the judgments which he held against Henson and the note on which suit was pending, took the four joint notes of Henson and Sams and their joint mortgage on the land, to secure such notes. Subsequently Sams died, and the land was set apart to his family as a year's support. A. B. Sams, Jr., was appointed administrator on the estate of A. B. Sams, Sr. Derrick foreclosed the mortgage against Henson and Sams, administrator, and the mortgage fi. fa. was levied on the land as the property of Henson and the estate of A. B. Sams, Sr., in the hands of A. B. Sams, Jr., as administrator, to be administered. Sarah L. Sams, the widow of A. B. Sams, Sr., for herself and as next friend of certain minor children of herself and A. B. Sams, Sr., interposed a claim to the land, claiming it as their year's support. Upon the trial the court, after the evidence was submitted, directed a verdict finding the land not subject; to which ruling Derrick, the plaintiff, excepted by a direct bill of exceptions.

1. Plaintiff in error contends that the land was subject to his mortgage fi. fa. under the act of Sept. 16, 1891, embodied in the Civil Code, § 3472, which provides: "Whenever the vendor of land shall make a deed thereto, and take a mortgage to secure the purchase-money thereof, neither the widow nor children of the vendee shall be entitled to a year's support in said land as against said vendor, his heirs, or assigns, until the purchase-money is fully paid." This contention is not sound. The facts of the case do not bring it within the operation of the statute just quoted. Derrick sold and conveyed the land to Henson in January, 1891, before the passage of the statute, which was in September of that year. Moreover, he took no mortgage from Henson, his vendee, for the purchase-money, and it is not the widow and children of his vendee who are setting up a year's support in the land; but the claimants under the year's support are the widow and children of A. B. Sams, Sr., who was not the vendee of Derrick, but of Henson. But we place our judgment on another ground. When Derrick, in full settlement of the judgments and the note on which suit was proceeding, which he held against Henson for the purchase-money of the land, took the joint notes of Henson and Sams and their joint mortgage on the land, to secure such notes, the joint notes of Henson and Sams, with their mortgage to secure the same, were substi-

tuted for the judgments and the note which Derrick held against Henson. The transaction operated as a novation. Relatively to Sams at least, the consideration of the joint notes of himself and Henson was not the purchase-money of the land, but the extinguishment of the judgment and notes which Derrick held against Henson. Sams owed Derrick no purchase-money, nor did he become Henson's surety for the purchase-money, but he signed the four notes as joint principal with him. From the foregoing it follows that the year's support was superior to the mortgage, and that the land was not subject to the fi. fa.

2. The bill of exceptions recites: "When plaintiff commenced to offer testimony in rebuttal, his attorney stated that he proposed to show a fraudulent scheme between Henson and Sams to defraud plaintiff out of his purchase-money, and that the deed from the former to the latter was void because of such fraud. Claimant's attorney insisted this could not be done for two reasons: 1st, because, as he alleged, Derrick took a mortgage from Sams and held under him, and that therefore plaintiff was estopped. 2d, because plaintiff could not make an attack on a deed without making both the grantee and grantor parties. The court replied, 'I think that is the law,' and so ruled." The assignment of error upon this ruling is in the following language: "The court erred in ruling that plaintiff was estopped from showing that the deed from J. L. Henson to A. B. Sams, Sr., was made as part of a fraudulent scheme to prevent plaintiff from collecting his purchase-money for the lands in dispute, and in holding that such proof could not be made without making the grantee and grantor in the deed parties." It will be seen that the real exception is, that the court erred in excluding evidence to prove that the deed from Henson to Sams was fraudulent, without alleging what such evidence was. As has been frequently ruled, this is not a good exception. Whether the reason which prompted the court to exclude the evidence was valid or not can not affect the rule that alleged error in refusing to admit evidence can not be considered when it does not appear what the rejected evidence was. If the evidence had been set out in the exception, it might appear that it was inadmissible for reasons other than those which moved the court to exclude it; and if the ruling were correct, the reason given for it would be immaterial.

3. Another exception is that the court erred in refusing to allow

the witness F. A. Bleckley to answer certain questions propounded by plaintiff's counsel. It does not appear what the answers to such questions would have been, and for that reason, as frequently decided by this court, the assignment of error can not be considered.

4. Complaint is made that the court erred in refusing to allow the plaintiff to put in evidence the judgments which Derrick obtained against Henson on the purchase-money notes. We do not see how they were material; and besides, Derrick was permitted to testify all about them.

5. Plaintiff contended that the land set apart as a year's support did not appear to be the same as that levied upon and which was sold by Derrick to Henson and by Henson to Sams, and upon which Derrick held the mortgage. After carefully examining all the evidence in the record, we think that it clearly appears that it was all the same land. The evidence demanded a verdict finding the land not subject, and there was no error in the court so directing.

*Judgment affirmed. All the Justices concurring.*